IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARCEL FERDINAND MALLORY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:24-CV-262-O |
| | § | (NO. 4:22-CR-333-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Came on for consideration the motion of Marcel Ferdinand Mallory under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having reviewed the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

I.      **BACKGROUND**

The record in the underlying criminal case reflects the following:

On November 9, 2022, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No.[2] 54. Movant entered a plea of not guilty. CR ECF No. 64. On December 7, 2022, Movant was named in a superseding information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 105. Movant and his counsel

---

[1] The Court considers the correspondence docketed as ECF No. 10 to be the reply.
[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-333-O.

signed a waiver of indictment, CR ECF No. 108, a factual resume, CR ECF No. 109, and a plea agreement. CR ECF No. 110. The plea agreement reflected that Movant would enter a plea of guilty to the offense charged by the superseding information; that he would be subject to imprisonment for a term of not less than five or more than forty years; that Movant understood that no one could predict the outcome of the Court's consideration of the guidelines and that Movant would not be allowed to withdraw his plea if his sentence was higher than expected; that the plea was freely and voluntarily made and was not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with counsel's representation. *Id.* The factual resume also set forth the maximum penalties Movant faced, along with the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 109.

On December 12, 2022, Movant appeared in open court and entered his plea of guilty to the superseding information. CR ECF No. 126. Movant testified under oath that: he had discussed with counsel how the sentencing guidelines might apply; even so, the Court could impose a sentence above the guideline range; no threats or promises had been made to induce him to plead guilty; he understood the essential elements of the offense to which he was pleading guilty and he had committed all of them; he was fully satisfied with his counsel's representation of him; he read and understood the plea agreement, including the waiver of right to appeal, and discussed it with counsel before he signed it; he voluntarily and of his own free will entered into the plea agreement; no promises or assurances of any kind were made to induce him to enter a plea of guilty; he

2

understood the penalties he faced, which were read aloud in court; he read and understood the factual resume before he signed it; and, the facts stated in the factual resume were true and correct. CR ECF No. 498.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 261, ¶ 30. He received a two-level increase for possession of firearms, *id.* ¶ 31, and a two-level increase for maintaining a drug premises. *Id.* ¶ 32. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 39 and a criminal history category of IV, his guideline imprisonment range was 360 months to life; however, the statutory maximum sentence was forty years, so the guideline range became 360 to 480 months. *Id.* ¶ 100. No objections were filed.

At sentencing, Movant announced that he had objections he would like to pursue, namely the number of times Heather Thompson had acquired drugs from him and the quantity of drugs attributed to him. The case agent testified that Thompson had been interviewed several times and had clarified that she received 56 ounces of methamphetamine from Movant at least four times and that she kept four ounces for herself each time, delivering 52 ounces to Brad Roberts. Her statements were corroborated by Roberts. Movant decided to testify against counsel's advice. He was sworn and testified that he sold 52 ounces of methamphetamine to Thompson on one occasion and smaller amounts on other occasions. The Court accepted the testimony of the agent and found that the information in the PSR was reliable, finding that Movant had provided false statements and should not be entitled to acceptance of responsibility and that obstruction should be applied. CR ECF No. 502.

The Court sentenced Movant to a term of imprisonment of 480 months. CR ECF No. 416. He appealed, CR ECF No. 437, despite having waived the right to do so. CR ECF No. 110, ¶ 10. The attorney appointed to represent Movant on appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit concurred with his assessment that the appeal presented no nonfrivolous issue. The appeal was dismissed. *United States v. Mallory*, No. 23-10380, 2024 WL 339097 (5th Cir. Jan. 30, 2024).

## II.    GROUNDS OF THE MOTION

Movant raises three grounds in support of his motion, all based on alleged ineffective assistance of counsel. ECF No.[3] 1.

## III.    APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient

performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In support of his first ground, Movant alleges that counsel was ineffective in failing to: (1) communicate with Movant and inform him of the relevant circumstances and likely consequences of pleading guilty versus going to trial, (2) conduct an adequate and independent pretrial investigation, and (3) attempt to negotiate a favorable plea. ECF No. 1 at 4[4]; ECF No. 2 at 2, 13–21. As the government notes, each of these issues was waived by Movant entering his plea. ECF No. 9 at 7. A guilty plea waives all nonjurisdictional defects in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not contend that his plea was not knowing or voluntary. Nor could he. The record reflects that that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The issues raised by the first ground are conclusory and insufficient to provide a basis for relief in any event. *Miller*, 200 F.3d at 282. Movant says that counsel failed to meet the standards of the Texas Rules of Professional Conduct, but he does not specifically describe what he means and why it made any difference to the outcome of his case. He admits that counsel visited at

---

[4] The page references to the motion are to "Page ___ of 15" reflected at the top right portion of the document on the Court's electronic filing system.

"times" to discuss the case. He alleges that counsel had agreed to send an investigator to the townhomes where he was arrested but failed to do so. He also refers to counsel's "failure to investigate on the phone dumps" and "review Thompson's changing statements." But one who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have affected the outcome. *Green v. United States*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, Movant admits that counsel reviewed the government's case file and he can only speculate that there was no independent pretrial investigation conducted. ECF No. 2 at 17. He does not say what could have been uncovered or proven or what more he allegedly needed to "make an informed decision of whether to make a necessary plea agreement with the government or proceed to trial." *Id.* And, finally, the record reflects that Movant understood the sentence he faced when he entered his guilty plea. It was set forth in the factual resume, CR ECF No. 109, and plea agreement, CR ECF No. 110 at 2, and repeated aloud at the plea hearing. CR ECF No. 498 at 73–74, and Movant testified that he understood the penalties he faced. *Id.* at 74. He further testified that he was satisfied with the representation provided him by counsel. *Id.* at 52. His solemn declarations in open court carry a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The plea agreement and factual resume are also entitled to the presumption and accorded great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

The allegation that counsel failed to negotiate a favorable plea agreement is mystifying. Pursuant to the original indictment, Movant was subject to a term of imprisonment of ten years to life. CR ECF No. 54. 21 U.S.C. § 841(b)(1)(A). Counsel negotiated a plea that limited Movant's exposure to a minimum of five years' and a maximum of forty years' imprisonment. But for the plea agreement Movant could well have received a life sentence. *See* CR ECF No. 502 at 27

(explaining that Movant's offense level of 44 placed his guideline range at life, but it was capped at 480 months under the plea agreement).

In his support of his second ground, Movant alleges that counsel was ineffective in failing to: (1) correctly discuss and explain the PSR prior to the sentencing hearing; (2) file substantive objections to the PSR; and (3) argue for mitigation and object to the sentence being substantively unreasonable. ECF No. 1 at 5; ECF No. 2 at 2, 21–25. Again his allegations are conclusory and insufficient. He does not explain what it was counsel was to have explained and discussed prior to sentencing or how it would have changed the outcome.[5]  The record reflects that counsel "reviewed the PSR at length for over two hours" and that Movant initially had no objections. CR ECF No. 502 at 5. Movant complained that he had only had the PSR a short amount of time and the Court explained that a defendant is not supposed to be able to keep a physical copy of the PSR in prison. *Id.* at 6. Counsel explained that after he met with Movant, Movant was apparently persuaded by some other person to lodge objections to the PSR. *Id.* at 5–6, 27. And Movant made those objections at sentencing. *Id.* at 5–7. Thus, he was not harmed by the failure to file written objections. Counsel assisted him in cross-examining the government's witness, *id.* at 12–17, and in conducting Movant's testimony despite having advised Movant against it. *Id.* at 18. Movant testified falsely and lost acceptance of responsibility. *Id.* at 26. He also subjected himself to an adjustment for obstruction of justice. *Id.* at 27. Movant failed to do as counsel advised and suffered the consequences. Counsel objected to the reasonableness of the sentence, *id.* at 30, contrary to Movant's allegation. ECF No. 1 at 5; ECF No. 2 at 25. Movant has not shown any alleged deficiency on the part of counsel, much less that any such deficiency prejudiced him.

---

[5] Movant appears to be under the impression that he could have withdrawn his plea agreement once he learned of his guideline range. ECF No. 10 at 3. He is mistaken.

In support of his third ground, Movant alleges that he received ineffective assistance on appeal because counsel failed: (1) to communicate with Movant about the appeal; (2) to permit Movant to participate in his appeal; and (3) to raise stronger issues instead of filing an *Anders* brief. ECF No. 1 at 6; ECF No. 2 at 2, 25–26. This ground is wholly conclusory as Movant generally alleges failure to communicate. He does not identify any particular issue for appeal that would have had the slightest merit, particularly in light of Movant's false testimony at the sentencing hearing. Counsel is only required to raise those arguments likely to succeed. *Davila v. Davis*, 582 U.S. 521, 533 (2017). Movant has not shown that there was any such issue. Nor has he shown that he could overcome his waiver of the right to appeal. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002) (knowing and voluntary waiver of postconviction rights is enforceable and should not be easily evaded).

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **5th day** of **August, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**